IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JHAN GIBBS, <br> (BOP Register No. 24493-077), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:15-cv-946-N-BN |
| EDDY M. MEJIA, | § § § | |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Proceeding *pro se*, Jhan Gibbs, a federal prisoner, incarcerated at FCI Seagoville, in the Dallas Division of the Northern District of Texas, has filed an application for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his sentence should be reduced because he should receive additional credit for time he spent in state and federal pre-sentence custody. *See* Dkt. No. 3.

This case has been referred to the United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey.

The government filed a response in opposition to the petition, *see* Dkt. Nos. 6 & 7, to which Gibbs has replied, *see* Dkt. No. 8.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss Gibb's petition, because he is not entitled to the additional sentencing credits he seeks.

-1-

**Applicable Background**

Gibbs currently is incarcerated in the Federal Bureau of Prisons (the "BOP") because he violated his supervised release in connection with a prior drug-conspiracy conviction out of the Eastern District of Louisiana. Following his 2010 release from BOP custody to begin his three-year term of supervised release, he was arrested first in Louisiana and then in Texas on separate charges. His Louisiana arrest resulted in a conviction on two counts of theft.

And, while he was being held on charges in Chambers County, Texas, the Eastern District of Louisiana issued a warrant for Gibbs's arrest based on his violation of supervised release. A federal detainer was lodged against him.

In 2013, he was convicted on charges in Texas and sentenced to two years' imprisonment, and the state court ordered that he receive credit for his custody from February 1, 2012 through August 21, 2012 and from September 20, 2012 through January 3, 2013, with his state sentence commencing on that last date. Despite the federal detainer, he was paroled from state custody on February 19, 2013. But, shortly thereafter, Gibbs was arrested by federal authorities, and on June 13, 2013, his supervised release was revoked and he was sentenced to concurrent terms of 60 months' imprisonment (as to the drug-conspiracy conviction) and 24 months' imprisonment (as to a related conviction for use of a firearm during and in relation to a drug-trafficking crime, which conviction was vacated prior to his supervised release).

The United States Court of Appeals for the Fifth Circuit affirmed the 60-month sentence but reversed and remanded with instructions to vacate the 24-month

sentence, as the district court lacked jurisdiction to revoke supervised release and impose a new term of imprisonment on a vacated conviction. *See United States v. Gibbs*, 578 F. App'x 396 (5th Cir. 2014) (per curiam).

As to his current 60-month sentence, the BOP credited Gibbs for his time in pre-sentence custody – from August 12, 2011 through August 15, 2011, from August 22, 2012 through September 19, 2012, and from April 4, 2013 through June 12, 2013.

## Legal Standards and Analysis

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *cf. Gatte v. Upton*, No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) ("Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government." (footnote omitted)); *Montgomery v. United States*, EP-15-cv-373-PRM, 2016 WL 592846, at *5 (W.D. Tex. Feb. 11, 2016) ("a § 2241 petition is subject to summary dismissal if it appears from the face of the pleading that the petitioner is not entitled to relief" (citing *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998), and affirming such a summary dismissal)).

Credit for state sentence served prior to imposition of current federal sentence

Gibbs first claims that the time he spent incarcerated in Texas should be credited to his current federal sentence, imposed after his supervised release was revoked. But, as outlined above, Gibbs's supervised release was not revoked until after his release from Texas custody. And he was not arrested by federal authorities under the revocation warrant until almost five months after being paroled from Texas custody.

> A federal sentence begins to run "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "[A] federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980).

*White v. United States*, No. 2:10-cv-111, 2011 WL 913246, at *4 (N.D. Tex. Feb. 24, 2011), *rec. adopted*, 2011 WL 913249 (N.D. Tex. Mar. 16, 2011).

The Court should therefore deny this claim for relief.

Additional-pre-sentence-credit claim

Gibbs's next claim invokes Section 3585(b), which provides that

[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –

   (1) as a result of the offense for which the sentence was imposed; or

   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Under this subsection, "the Attorney General, through the BOP, is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing." *United States v. Sampson*, Crim. A. No. 07-30039, 2009 WL 89637, at *1 (W.D. La. Jan. 9, 2009). And, pertinent to Gibbs's contentions, the BOP gave him credit for the time he spent in Louisiana custody from August 12, 2011 through August 15, 2011 and in Texas custody from August 22, 2012 through September 19, 2012, because such time had "not been credited against another sentence." 18 U.S.C. § 3585(b).

But Gibbs was not given credit towards his current sentence for the time he was in Texas custody from February 1, 2012 through August 21, 2012 and from September 20, 2012 through January 3, 2013, because Texas credited those periods to his state sentence. *See Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003) ("Because the nine months he spent in state custody between November 1998 and August 1999 were 'credited against another sentence,' the BOP was not required to credit that time toward his federal sentence."); *Pierce v. Fleming*, 150 F. App'x 344, 345 (5th Cir. 2005) (per curiam) ("[B]ecause the record indicates that the time that Pierce spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum* was credited against his state sentence, the BOP correctly applied 18 U.S.C. § 3585(b)(2) when it did not include this time as a credit towards Pierce's federal sentence." (citing *Vignera v. Attorney Gen. of the United States*, 455 F.2d 637, 637-38 (5th Cir. 1972)).

Relatedly, Gibbs was credited with the time he spent in federal custody from his

arrest on April 4, 2013 through June 12, 2013, the day before his supervised release was revoked and the current 60-month sentence was imposed. *Cf. Siebert v. Chandler*, 571 F. App'x 328, 329 (5th Cir. 2014) (per curiam) (Detainees "committed to the custody of the Attorney General or subject to the BOP's control" are "in 'official detention' for purposes of" Section 3582(b). (citing *Reno v. Koray*, 515 U.S. 50, 57-58 (1995))).

Furthermore, the Court should reject Gibbs's argument that, because the federal detainer lodged against him prevented him from posting bail while in Texas custody, he is entitled to credit for this time in Texas custody. As stated above, that time was credited toward his state sentence and therefore cannot also be credited against his federal sentence. *See Leal*, 341 F.3d at 430; *Pierce*, 150 F. App'x at 345.

Because the BOP correctly credited Gibbs with time under Section 3585(b), the Court should deny this claim for relief.

<u>*Willis* credit</u>

Gibbs's final claim is that he is entitled to a credit under *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), which "recognized an exception to the pre-sentence credit rule" set out in Section 3582(b) that occurs "when an inmate is serving concurrent federal and state terms with a state full-term date that is equal to or less than the federal full-term date," which exception entitles an inmate to "receive *Willis* credit toward his federal sentence for all pre-sentence, non-federal custody that occurs on or after the date of the federal offense until the date that the first sentence (state or

federal) begins." *Edison v. Berkebile*, 349 F. App'x 953, 956 (5th Cir. 2009) (per curiam) (citation and footnote omitted).

Gibbs is not entitled to a *Willis* credit, and the Court should deny this claim for relief, because Gibbs's state and federal sentenced did not run concurrently.

## Recommendation

The Court should deny the Section 2241 petition.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 15, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE